

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*See MW-251*

Honorable Weaver H. Baker, Chairman
State Board of Control
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. 0-6637
Re:  Payment of notary bond premiums
out of State funds where notary
is in State employment.

Your request for an opinion of this department reads
as follows:

"Because of various statutes requiring that
reports made to State agencies and by them to be
certified under oath, it has been the policy of
many of the departments to cause some regularly
employed individual to seek and obtain a commis-
sion as Notary Public.

"The premiums on these bonds have been paid
out of funds usually appropriated under the general
terminology — 'Bonds for members and employees' —
(See page 184, Item 142, Board of Control, Acts of
the 48th Legislature), and other similar verbage.
Any other policy would probably result in serious
inconvenience and additional expense of paying
Notary fees not now specifically provided for.

"There has arisen a question about whether or
not these bills can be paid, for the reason that in-
formation has come to us that some of these Notaries
are making a charge for Notary service to individuals
not in State service.

"Will you kindly give us your opinion on the fol-
lowing inquiries:

"(1) Is the Board of Control legally authorized
to pay out of State funds appropriated by language a-
bove set out, or similar language, the bond premiums
due on bonds required to be made by law for individuals

Honorable Weaver H. Baker - page 2

in State employ, where such service is for the accommo-
dation and convenience of State business only?

"(2)  If you answer the above inquiry in the
affirmative, then would the same rule apply where
such employee whose Notary bond premium was paid by
the State, also performed the duties of a Notary Pub-
lic in connection with private business and made a
charge therefor to his own financial advantage?"

A notary public is a public officer charged with cer-
tain duties and given certain authority by statute.  20 Ruling
case Law, 326; Articles 5949 et seq, V. A. C. S.  The powers
and duties of the notary are personal to himself and may not
be delegated.  31 Tex. Jur. 350.  Official misconduct or negli-
gence on the part of the notary may result in criminal or in-
dividual civil liability as well as liability on his official
bond.  31 Tex. Jur. 351.

We think it is clear that even if a State department
paid the bonding fee for a notary in its employ that it could
not require the exclusive services of the notary and limit his
activities to State business only.  Such a limitation would
narrow the authority of a notary to something much less than
that given by statute.  In the absence of a statute permitting
State employees to perform notarial acts of a limited character,
we think a notary though employed by the State and having had
his bonding fee paid by the State could perform all acts author-
ized by law in common with all other notaries who have duly quali-
fied.  Furthermore, we think he could charge the statutory fees
allowed for such services when performed outside of his State
duties without being accountable to the State for such fees.
Art. 3945, V. A. C. S.  These outside fees would be wholly
for the benefit of the individual holding the notary commission.
Also, in the case of a State employee who has qualified as a
notary at the expense of the State, and who leaves State em-
ployment while his notary commission is still effective, it
would be obvious that he could still exercise his notarial
functions for his own private gain according to the provisions
of law under which he qualified.

We conclude, that if the phraseology in the appropri-
ation bill, "Bonds for members and employees" be construed to
include bonds for notaries, that such action on the part of the
Legislature would contravene our constitution.  Art. 3, sec. 51,

Honorable Weaver H. Baker - page 3

provides in part that, "The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual . . . ." Since, in construing a legislative enactment we are bound to give it, if possible, a construction that will preserve its constitutionality, we hold that the language of the appropriation means and refers only to those bonds of members and employees of the Board which are required by law or which the Board is authorized by law to require and that such language does not authorize the payment of bond premiums for notaries public even though their services are needed and required by the Board. 39 Tex. Jur. 206. Any other holding would permit the expenditure of public funds for private or individual purposes.

We recognize the keen need of all State departments for the type of service involved here and certainly this situation should claim the attention of the Legislature for appropriate action.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*

Eugene Alvis
Assistant

EA:zd

APPROVED JUN 23 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN